# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50413
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AMERICA REYES-MEDELLIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:17-CR-176-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant America Reyes-Medellin appeals her convictions, following a bench trial, for conspiring to transport illegal aliens and transportation of an illegal alien. She contends that the district court erred by denying her motion to suppress evidence obtained following a warrantless stop of her vehicle by a Border Patrol agent on FM 2523 near Del Rio, Texas.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50413

We review the district court's factual findings for clear error and its legal conclusions, including whether there was reasonable suspicion justifying the stop, de novo. *See United States v. Cervantes*, 797 F.3d 326, 328 (5th Cir. 2015). The evidence presented at a suppression hearing is viewed in the light most favorable to the prevailing party. *Id.*

In reviewing whether a stop conducted by a roving Border Patrol agent was based upon a reasonable suspicion, we examine the totality of the circumstances and weigh the factors set forth in *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975). *Cervantes*, 797 F.3d at 329. These factors include (1) the area's proximity to the border; (2) the characteristics of the area; (3) usual traffic patterns; (4) the agent's experience in detecting illegal activity; (5) the driver's behavior; (6) particular characteristics of the vehicle; (7) information about recent illegal trafficking of aliens or narcotics in the area; and (8) the number of passengers in the vehicle and their appearance and behavior. *Id.* We consider "all circumstances together to weigh not the individual layers, but the laminated total." *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). "Factors that ordinarily constitute innocent behavior may provide a composite picture sufficient to raise reasonable suspicion in the minds of experienced officers." *Id.* at 427-28.

As Reyes-Medellin's sedan was encountered well within 50 miles of the border between Mexico and the United States, the "paramount factor" of proximity is here satisfied. *United States v. Garza*, 727 F.3d 436, 441 (5th Cir. 2013) (internal quotation marks and citations omitted). The possibility that Reyes-Medellin might have begun her drive in Del Rio does not preclude consideration of this factor. *See United States v. Zapata-Ibarra*, 212 F.3d 877, 881 (5th Cir. 2000) (holding that proximity factor weighed in favor of reasonable suspicion when north-bound vehicle was encountered on FM 2523

approximately 24 miles from border); *United States v. Villalobos*, 161 F.3d 285, 289 (5th Cir. 1998) (concluding that proximity to border was not negated by possibility that driver could have been innocent traveler from nearby town). FM 2523's reputation as a smuggling route, and intelligence reports that the agent had received about ongoing smuggling there, additionally support reasonable suspicion. *See Zapata-Ibarra*, 212 F.3d at 881.

The agent's familiarity with local traffic patterns, which primarily consisted of dirty ranch trucks that the agent recognized on sight, further contribute to reasonable suspicion. *Villalobos*, 161 F.3d at 289 ("[T]he agents, who were familiar with local area residents, did not recognize [the defendant's] truck as a local vehicle."). So, too, do the unusual cleanliness and darkly tinted windows of the sedan, the latter of which prevented the agent from determining whether any passengers were in the vehicle. *See United States v. Guerrero-Barajas*, 240 F.3d 428, 433 (5th Cir. 2001) (tinted windows); *United States v. Nichols*, 142 F.3d 857, 871 (5th Cir. 1998) (cleanliness). Finally, the agent's experience of having worked over 13 years in the Del Rio area strengthened the reasonableness of his suspicion. *See Zapata-Ibarra*, 212 F.3d at 882.

Even if some of the relevant factors in the instant case might constitute innocent behavior under other circumstances, Reyes-Medellin fails to show that the district court erred by holding that the laminated total of the relevant circumstances provided reasonable suspicion justifying the stop. *See Jacquinot*, 258 F.3d at 427-28. Accordingly, we AFFIRM.